IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LAKESHA ANNETTE FARRIS,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:24-cv-641-MHT-CWB |
| ) | |
| **DR. MELVIN BROWN, in his official** ) | |
| **capacity as Superintendent of Education** ) | |
| **for Montgomery Public Schools,** ) | |
| ) | |
|    **Defendant.** ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     Introduction**

Plaintiff Lakesha Farris, who is proceeding *pro se*, filed this action on October 10, 2024 (*see* Doc. 1) and simultaneously sought leave to proceed *in forma pauperis* (*see* Doc. 2). By Order entered October 17, 2024 (*see* Doc. 6), *in forma pauperis* status was granted and service of process was deferred pending threshold review pursuant to 28 U.S.C. § 1915(e). After conducting such review and concluding that the Complaint was insufficiently pleaded, the undersigned entered an Order on November 18, 2024 (*see* Doc. 7) directing Plaintiff to file an Amended Complaint and setting out what information should be included to remedy the initial pleading deficiencies (*id.* at pp. 4-5). Although Plaintiff in turn filed an Amended Complaint (Doc. 8) by the imposed deadline, the allegations remain insufficient to survive § 1915(e) review.[1]

---

[1] Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## II.     Pleading Requirements

Review under 28 U.S.C. § 1915(e) begins with an analysis of whether a complaint complies with the pleading standards applicable to all civil actions filed in federal court. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'") (citations omitted). To state a claim for relief that is plausible, a plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint thus should contain a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678; *see also Twombly*, 550 U.S. at 557. Moreover, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc*., 326 F.3d 1183, 1185 (11th Cir. 2003); *see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (explaining that courts do not consider "any allegations in the complaint that are merely legal conclusions").

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Nonetheless, a *pro se* complaint still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And it has been made clear that a court does not have "license ... to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on*

*other grounds by Iqbal*, 556 U.S. 662 (2009). It further is recognized that a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, a *pro se* litigant must comply with the Rule 8 requirement to file a "short and plain statement" showing an entitlement to relief. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain: … (2) a short and plain statement of the claim showing that the pleader is entitled to relief … .").

### III.   Discussion

Plaintiff at all relevant times has been employed as a guidance counselor with the Montgomery County Board of Education. (Doc. 8 at p. 2, ¶ 4; *see also* Doc. 1 at p. 1). According to Plaintiff, she was required to perform the duties of three positions but was denied additional compensation that other similarly situated employees received. (*See id.*). And Plaintiff alleges that she suffered harassment/retaliation after filing a grievance against Principal Keisha Howard. (Doc. 8 at 2, ¶ 5; *see also* Doc. 1 at p. 1). Neither the Complaint nor the Amended Complaint, however, details how or when Howard engaged in such conduct. Nor does the Compliant or the Amended Complaint state that any similarly situated employees <u>outside Plaintiff's protected class</u> received the additional compensation at issue.

Under the Federal Rules of Civil Procedure, a "short and plain statement" must show that Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Although Plaintiff generally points to Title VII as the legal basis for her claims, she fails to set out a sufficient factual basis to support any such claim. *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) ("Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating 'against any individual with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's race, color, religion, sex, or national origin.'") (quoting 42 U.S.C. § 2000e-2(a)(1)).

To establish a prima facie case of disparate treatment under Title VII, a plaintiff must show that: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) the employer treated similarly situated employees outside her protected class more favorably; and (4) she was qualified to do the job. *See Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)), *abrogated on other grounds by Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1226 (11th Cir. 2019) (en banc). A plaintiff alternatively may rely upon a "convincing mosaic" of circumstantial evidence, including (1) "suspicious timing, ambiguous statements, or other information from which discriminatory intent may be inferred, (2) 'systematically better treatment of similarly situated employees,' and (3) pretext." *Jenkins v. Nell*, 26 F.4th 1243, 1250 (11th Cir. 2022) (citation omitted); *see also Akridge v. Alfa Ins. Cos.*, 93 F.4th 1181, 1197-98 (11th Cir. 2024). "A plaintiff wishing to establish a hostile work environment claim [must] show: (1) that [s]he belongs to a protected group; (2) that [s]he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee … ; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability." *Miller*, 277 F.3d at 1275.

"To establish a claim of retaliation under Title VII …, a plaintiff must prove that [s]he engaged in statutorily protected activity, [s]he suffered a materially adverse action, and there was some causal relation between the two events." *Butler v. Alabama Dep't of Transp.*, 536 F.3d 1209,

4

1212-13 (11th Cir. 2008) (citation omitted); *Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009). "An employee engages in protected activity if [s]he opposes an employment practice based on a good faith, reasonable belief that the practice violates Title VII … . The opposition must be made know[n] to the employer in the form of a complaint or some overt rejection of what the employee believes to be an illegally discriminatory practice or decision." *Locascio v. BBDO Atlanta, Inc.*, 56 F. Supp. 3d 1356, 1364 (N.D. Ga. 2014) (citations and internal quotation marks omitted); *Compare Reynolds v. Golden Corral Corp.*, 106 F. Supp. 2d 1243, 1253-54 (M.D. Ala. 1999) (finding that complaint was not adequate to put employer on notice of alleged harassment and thus did not constitute protected activity).

      The allegations in the Complaint and the Amended Complaint are vague and conclusory as to all potential Title VII claims and are lacking in necessary factual content. Nowhere does Plaintiff allege that her employer treated similarly situated employees outside her protected class more favorably; nowhere does Plaintiff set out a convincing mosaic of discrimination; and nowhere does Plaintiff provide a description of the harassment or retaliation she endured. The Complaint and the Amended Complaint instead contain the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "naked assertion[s] devoid of further factual enhancement" that consistently have been deemed insufficient. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555-57). Even construing Plaintiff's filings most liberally, the court simply is unable to discern a plausible claim for discrimination, harassment, or retaliation. *See Twombly*, 550 U.S. at 555 (stating that the purpose of the federal pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests") (internal quotation marks and citation omitted).

## IV.     Conclusion

For all of these reasons, the Magistrate Judge hereby **RECOMMENDS** that this action be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **February 18, 2025**. An objecting party must identify the specific portion(s) of factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be taken only from an appealable decision entered by the District Judge.

**DONE** this the 3rd day of February 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**